My name is Kate Bushman and I am pro bono counsel to the petitioner, Mr. Dwight Tucker, in this case. Almost 30 years ago, Mr. Tucker legally immigrated to the United States as a teenager with his parents. Mr. Tucker is now before this court on a petition for review of a BIA order affirming a final order of removal against him. As the government has acknowledged, the sole basis for his removal are two convictions under an Arizona state statute. Thus, the question presented today to this court is, were those two convictions for violation of a state law related to a controlled substance offense? Justice Alito Doesn't each of the four parts of the statute explicitly refer to marijuana? Ms. Bushman That's correct, Your Honor. Justice Alito And if we conclude that Arizona law is specifically aimed at prohibition of controlled substance, is that the end of the case? Ms. Bushman No, it's not the end of the case, Your Honor. I think that the case that most, the case that speaks most completely to this is Leyva Licea, which we cited thoroughly in our brief. This is because the statute does refer to marijuana in each of its subsections, yet it includes solicitation in one of its subsections, which Leyva Licea concluded was not a controlled substance offense. Leyva Licea, the Petitioner there, was convicted, in fact, of solicitation to possess marijuana for sale in violation of Arizona revised statute section 13-1002A, which is the solicitation statute, and 13-405A2B3. Sotomayor It wasn't a problem in those cases that the general solicitation statute is not a statute relating to a controlled substance, and this is specifically a controlled substance statute. Ms. Bushman That's correct, Your Honor. In that case, the Petitioner was convicted under the generic solicitation statute, yet the conviction also specifically referenced the controlled substance, pardon me, the Arizona statute today that is at issue 13-3405, and concluded that even though the face of the convicting document referred to this statute, it was not a controlled substance offense. So while the Petitioner was convicted under the generic solicitation statute, yet the  general solicitation statute was not a controlled substance offense, the Petitioner  Ms. Bushman I think that the answer to that is that Leyva Licea extended Corrado-Durazno, which we did rely on, extended it to this situation where solicitation of marijuana, specifically in the context of 13-3405, was charged and was not a controlled substance offense. And in this case, the Petitioner is charged under 13-3405. And so it's just – I would say that Leyva Licea extended Corrado-Durazno, which was under the generic solicitation offense as well. Alito Isn't it pretty clear from the judgment, though, that he was convicted – he was not convicted under the fourth part of the statute? The judgment states offense count number one, possession of marijuana. It's – it does state possession of marijuana on the judgment, but it doesn't charge that specific subsection. It charges the entire statute, the entire statute, 13-3405, in each of the specific judgments. And because the statute includes solicitation, which in Leyva Licea this Court extended – excuse me, this Court held was not a controlled substance offense, I would submit that the statute is overly broad. And since he was not specifically charged under the possession portion of the statute, that – Why not pass the fact that the judgment is for a Class VI felony? That's true. That would refer to – that would refer to the possession offense. Okay. So why isn't that the question? Why isn't that the answer? Because I – because under this Court's – when examining a controlled – an offense for – whether it qualifies for a controlled substance offense, you look at the law, you look at the violation. And in this case, looking at the law is a – And if that doesn't work, then you look at the modified categorical approach, which is what was he actually convicted of. And we know that he was convicted of possession of marijuana, Class VI felony. So why isn't that the answer? I.e., he wasn't convicted of solicitation. He was convicted of possessing for sale and banner of marijuana of not less than one pen. It says that. It does. That's not the answer? That's not the answer because it – the approach isn't focusing on the offense as a whole, which is the offense of the conviction. That's not correct, because there's a second – there's a second prong, which is the modified categorical approach. If the first one doesn't answer the question, and that is, what do we know about what he was actually convicted of? And this is what we were discussing in the prior case, i.e., what kinds of documents work to prove. And here we have a judgment, and the judgment is for a Class VI felony. So why isn't that the answer? I think that's not the answer because this – I would say that the documents themselves don't – the statute itself does not reference that particular subsection. So I guess I'm – I'm saying that – The statute does what the judgment does. It's a subcategory. And we know from the judgment that he wasn't convicted of the whole statute. He was convicted of a subsection and that – of a subcategory. And that subcategory does not involve solicitation or offering. It involves only possession for sale. I think you've got a real problem is what I'm trying to tell you. I think you're – you have found a weakness in our argument, Your Honor. You've identified it quite clearly. I would just have to submit that that approach wouldn't reckon with laeva licea. It wouldn't reckon with that case. I feel like the – our position is that that case does make the solicitation portion of the statute make this offense – make this specific statute special and that my client was thus convicted under a broader statute, which encompasses conduct that should not be considered a controlled substance of – and has not been considered a controlled substance offense, and thus he should not be penalized for it, especially given the equities of the case and the fact that this Court doesn't read – necessarily interpret statutes in a vacuum. Beyond that – Are you saying we shouldn't consider the judgment? We shouldn't ignore it? No. In no way would I offer that you should ignore the judgment. I would say – I would just call your attention to the specific portion of the statute under which he was convicted, which is the entire statute, as opposed to the specific subsection. And I think it's reasonable to read the statute our way because, you know, Arizona wasn't concerned with immigration law when they were processing this case. They were concerned with the penal aspect of it. And the Federal law that we're looking at here is concerned with immigration aspects of it. And the question is, is the Federal law broad enough to encompass this particular statute? And I think from yesterday's Supreme Court case, it shows a little bit of reluctance for the Federal law to be read overly broadly to encompass behavior that may not have been obviously included in such a – in such an offense. And I might also note that my client proceeded in these cases, these criminal cases, uncounseled. And he also proceeded at the IG level uncounseled. So he would not have necessarily been aware of the immigration consequences of such pleas. Would you like to say some time? Yes, please. Thank you very much. Good morning, Your Honors. John Cunningham from the Justice Department appearing on behalf of the Attorney General. May it please the Court. This case is really quite straightforward. The Petitioner was convicted twice under an Arizona statute that by its title and by its text is concerned solely with criminalizing various uses, transportations, offers, solicitations involving marijuana. And in response to your question, Judge Cowen, the case can stop there. This Petitioner was convicted under a controlled substance statute. And under this Court's decision in Oliveira Garcia, that's all you need. But the fourth part of the statute criminalizes solicitation, doesn't it? It does, Your Honor. And I think my suggestion to you that it really doesn't matter very much because this is still a controlled substance statute. That's really all you need. If you want to get into the solicitation aspects of the statute, as we point out in our brief, it's clear from the judgment and from the text of the statute that this particular crime was for possession. There was no charge or conviction involving solicitation of any kind. The opinion that she's relying on, or not, Leyva Lysyat, does say that she was convicted there of both the general solicitation statute and this one. So I suppose there's some argument that the this alone isn't enough. I mean, I understand your point, which is it certainly looks like space, like a statute relating to controlled substances, but Leyva Lysyat didn't go that route. Well, Your Honor, I think if you ‑‑ I have Judge Betty Fletcher's opinion in front of me as well, and if you continue down to the bottom of that paragraph, it turns out that when he was convicted, it is quite accurate to say that he was convicted under both the Arizona general solicitation statute and this same statute that Mr. Tucker was convicted under. No, Your Honor, that should have been the end of the story, and it wasn't. But he was ‑‑ but when he was put in proceedings by the INS for whatever reason, the INS only charged him with reference to the general solicitation. Because they're clever, that's why. Right. Because they're clever. Well, too clever, as it turned out. Right. Too clever by half, because they gave up their controlled substance charge and they brought themselves right under Coronado-Durazzo. So that's really where we ‑‑ that's really where I can stop. I mean, this case is straightforward. It's controlled by Oliveira Garcia. You have before you a particularly good board order. This board order is thorough, careful. It applies the law correctly. It reaches the right result. It deserves to be upheld by this Court. And we respectfully ask you to do that and to deny the petition for review. If the Court has no further questions, I won't take up any more. My question doesn't have to get to that because there's ‑‑ it's clear on its face that he wasn't convicted. That unlike Lysia, she wasn't convicted of solicitation. Anyway. That's correct, Your Honor. And also, happily for me, we don't have to worry about the Supreme Court decision yesterday because, for once, this is not an aggravated felony case, which I'm very relieved about. I thank the Court for its attention. Thank you. Thank you, counsel. Go ahead. You have a minute and a half or so left. Thank you. I just wanted to sum up, Your Honors, and say that these two convictions certainly cannot uphold this removal order. Even given an extremely thorough board opinion, this statute has clearly been delineated by this Court as being special or different in Leyva Lysia, and it simply is not fair to have an immigrant who has been uncounseled and it's not a notice that this type of statute might affect the rest of his life, indeed, and the rest of his family's life, determine his fate. So I just thank you very much and refer you to my briefs. Thank you very much. Thank you, counsel. The case of Tucker v. Gonzalez is submitted, and the Court will take a short recess. Thank you very much. All rise. Thank you. Thank you.
judges: D.W. Nelson, Cowen Berzon